IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JACOB JOHNSON, | ) | CIV. NO. 16-00348 HG-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF PUBLIC SAFETY; | ) | |
| STATE OF HAWAII; FRANCIS | ) | |
| SEQUERIA, Individually; JOHN | ) | |
| DOES 1-10; JANE DOES 1-10; DOE | ) | |
| CORPORATIONS 1-10; DOE | ) | |
| PARTNERSHIPS 1-10; DOE | ) | |
| UNINCORPORATED ORGANIZATIONS | ) | |
| 1-10; DOE GOVERNMENTAL | ) | |
| AGENCIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING FRANCIS SEQUEIRA'S MOTION FOR SUMMARY JUDGMENT
(ECF No. 13)**

Plaintiff Jacob Johnson claims that in April 2013, a state court judge sentenced him to a term of imprisonment of five days. Plaintiff asserts that he was detained for more than four months and was not released until August 2013, in violation of the state court judge's order.

Plaintiff's Second Amended Complaint alleges federal constitutional claims pursuant to 42 U.S.C. § 1983 against Defendant Francis Sequeira, the Warden of Oahu Community Correctional Center, in his individual capacity.

1

Plaintiff also alleges state law tort claims against Defendant Sequeira.

Defendant Francis Sequeira filed a Motion for Summary Judgment as to Plaintiff's claims against him.

Defendant Sequeira argues that he is not liable for Plaintiff Johnson's Section 1983 claim because he was not personally involved in Plaintiff's detention or release.

Defendant Sequeira argues that he is entitled to conditional privilege as to Plaintiff's state law claims against him.

Defendant Francis Sequeira's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.

The only remaining claims are Plaintiff's state law tort claims stated against the Defendant Hawaii Department of Public Safety and the Defendant State of Hawaii.

The case is **REMANDED** to the Circuit Court of the First Circuit, State of Hawaii.

## PROCEDURAL HISTORY

On May 20, 2016, Plaintiff filed a Second Amended Complaint in Hawaii State Court. (Second Amended Complaint attached as Ex. A to Defendants' Notice of Removal, ECF No. 1-2).

On June 27, 2016, Defendants Department of Public Safety, State of Hawaii, and Francis Sequeira filed a Notice of Removal in the United States District Court for the District of Hawaii. (ECF No. 1).

On April 6, 2017, Defendant Francis Sequeria filed DEFENDANT FRANCIS SEQUEIRA'S MOTION FOR SUMMARY JUDGMENT and CONCISE STATEMENT MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT. (ECF Nos. 13, 14).

On May 4, 2017, Plaintiff filed PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT FRANCIS SEQUERIA'S MOTION FOR SUMMARY JUDGMENT and CONCISE STATEMENT OF FACTS. (ECF Nos. 16, 17).

On May 18, 2017, Defendant Francis Sequeira filed a REPLY. (ECF No. 19).

On June 8, 2017, the Court held a hearing on Defendant Francis Sequeira's Motion for Summary Judgment. (ECF No. 23). The Court **GRANTED** the Motion. The reasons for the decision are set forth in this Order.

## BACKGROUND

Plaintiff states in his Declaration that on March 28, 2013, he turned himself in to his Probation Officer for violating the terms of his probation set by a Hawaii State Court Judge. (Declaration of Jacob Johnson ("Johnson Decl.")

at ¶ 3, attached to Pla.'s Concise Statement of Facts ("CSF") in Opposition, ECF No. 17-1).

Plaintiff was taken to Oahu Community Correctional Center to await a hearing before the Hawaii State Court Judge. (Id. at ¶ 4).

On April 2, 2013, Plaintiff appeared before Hawaii State Court Judge Alm. (Id. at ¶ 5). Plaintiff was sentenced to five days of imprisonment, which was the equivalent of time served, as he had been incarcerated from March 28, 2013 to April 2, 2013. (Id.) Judge Alm ordered Plaintiff to be released. (Id.)

Plaintiff was not immediately released. He was taken back to Oahu Community Correctional Center. (Id. at ¶¶ 6, 7).

Plaintiff complained to his case manager, the Hawaii State Public Defenders' Office, and the Prosecutor's Office that he was being detained despite having already served his sentence. (Id. at ¶¶ 10-11).

Plaintiff was released from Oahu Community Correctional Center on August 7, 2013, approximately four months after he was sentenced. (Id. at ¶¶ 12, 13).

Defendant Francis Sequeira is the Warden of Oahu Community Correctional Center. (Declaration of Francis Sequeira ("Sequeira Decl."), attached to Def.'s Concise

Statement of Facts ("CSF"), ECF No. 14-3). Defendant Sequeira has served in the position as Warden at Oahu Community Correctional Center since 2009. (Id.)

In his role as Warden, Defendant Sequeira is not involved in calculating the sentences of inmates or processing the release of inmates at Oahu Community Correctional Center. (Id. at ¶ 4).

Defendant Sequeira had no personal involvement with Plaintiff Johnson's detention at Oahu Community Correctional Center, or in his release in August 2013. (Id. at ¶¶ 5, 6). Defendant Sequeira had no interaction with Plaintiff Johnson while he was an inmate at Oahu Community Correctional Center between March and August 2013. (Id. ¶¶ 5, 6).

Defendant Sequeira stated in his Declaration that he never at any time had any malice or ill-will toward Plaintiff. (Id. at ¶ 7).

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916

(9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for

trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party. State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56©; Celotex, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994). When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact. Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); see also National Steel Corp. v. Golden Eagle Ins. Co.,

7

121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

**I. Plaintiff's 42 U.S.C. § 1983 Claim Against Defendant Francis Sequeira**

A plaintiff may challenge actions by government officials that violate the United States Constitution, pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States ... to deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. Section 1983 does not create any substantive rights. Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 978 (9th Cir. 2004).

To prevail on a Section 1983 claim, a plaintiff must establish that a right secured by the Constitution or law of the United States was violated and that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

A person deprives another of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to

8

perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).

### A. There Is No Section 1983 Liability Based On Respondeat Superior Or Vicarious Liability Theories

Plaintiff's Second Amended Complaint brings a Section 1983 claim against Defendant Francis Sequeira in his individual capacity.[1] (Second Amended Complaint at pp. 1, 4-5, ECF No. 1-2).

Defendant Sequeira was the Warden of Oahu Community Correctional Center when Plaintiff was a detainee in 2013. Plaintiff may not proceed on his Section 1983 claim against Defendant Sequeira solely on allegations that one of Defendant Sequeira's subordinate employees acted in an unconstitutional manner.

Respondeat superior and vicarious liability are not available under Section 1983. <u>City of Canton v. Harris</u>, 489 U.S. 378, 387 (1989); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>Aranda v. Martel</u>, 416 Fed. Appx. 651, *1 (9th Cir.

---

[1] Plaintiff is unable to bring a Section 1983 claim against Defendant Sequeira in his official capacity. State officials sued in their official capacities are not "persons" subject to civil rights suits for damages pursuant to 42 U.S.C. § 1983. <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 64-66 (1989).

9

2011) (affirming the dismissal of a Section 1983 action against the prison warden as he cannot be held liable under a theory of respondeat superior).

**B.   No Facts Have Been Presented As To Any Personal Involvement By Defendant Sequeira**

In order to prevail on a constitutional claim against a supervisor under Section 1983, a plaintiff must demonstrate facts as to the supervisor's personal involvement with a constitutional violation.  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

A supervisor is liable under Section 1983 for a subordinate's constitutional violations if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  Maxwell v. Cnty. of San Diego, 708 F.3d 1075, 1086 (9th Cir. 2013).

Here, the Parties agree that Defendant Sequeira had no personal involvement in the detention or release of Plaintiff Johnson.  (Sequeira Decl. at ¶¶ 4-6, ECF No. 14-3).  There is no evidence that Defendant Sequeira knew of any alleged constitutional violations involving Plaintiff Johnson, or participated in or directed the violations.  Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Shallowhorn v. Molina, 572 Fed. Appx. 545, 546 (9th Cir. 2014) (affirming the

dismissal of Section 1983 claims against the prison warden because there were no facts as to the warden's personal involvement with any constitutional violation).

Plaintiff claims that Defendant Sequeira should have known about his alleged over-detention at Oahu Community Correctional Center. Plaintiff has provided no evidence to support his theory. Plaintiff asserts that he complained about his detention to his "case manager, Natalie Cook" and "made numerous calls to the Hawaii State Public Defenders' office and the County of Honolulu Prosecutor's office in an attempt to be released." (Johnson Decl. at ¶¶ 10, 11, ECF No. 17-1). There is no evidence that Plaintiff complained either directly to Defendant Sequeira or to any prison guards at the Oahu Community Correctional Center. Plaintiff does not claim that any of the individuals to whom he complained contacted Defendant Sequeira.

Plaintiff has not provided any evidentiary basis for Defendant Sequeira to have reasonably known of Plaintiff's alleged over-detention. Defendant Sequeira explained in his Declaration that he is not personally involved in calculating individual detainee's sentences. (Johnson Decl. at ¶ 4, ECF No. 17-1).

Plaintiff has not provided any evidence that Defendant

Sequeira's own actions caused the alleged constitutional violations in this case. Marroquin v. Grady, 667 Fed. Appx. 282, 283 (9th Cir. 2016) (affirming dismissal of 1983 claims against the prison warden when there were no facts that the warden was either personally involved or implemented a policy that motivated the alleged constitutional violation); see Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 20011).

There is no evidence that Defendant Sequeira reviewed any court records pertaining to Plaintiff Johnson or otherwise was provided with notice as to Plaintiff Johnson's complaints. See Alston v. Read, 663 F.3d 1094, 1099-1100 (9th Cir. 2011). There is no evidence that Defendant Sequeira deliberately chose to endorse any unconstitutional actions of subordinate employees. Gillette v. Delmore, 979 F.2d 1342, 1348 (9th Cir. 1992).

Defendant Francis Sequeira's Motion for Summary Judgment as to Plaintiff's Section 1983 claim against him as stated in Count 1 of the Second Amended Complaint is **GRANTED**.

## II. Plaintiff's State Law Claims Against Defendant Francis Sequeira

Plaintiff's Second Amended Complaint alleges the following state law claims against Defendant Sequeira:

Count 2 - Negligence,

Count 3 - Negligent Infliction of Emotional Distress, and

Count 4 - Intentional Infliction of Emotional Distress.

(Second Amended Complaint at pp. 5-6, ECF No. 1-2).

Under Hawaii law, non-judicial government officials acting in the performance of their public duties enjoy a "qualified or conditional privilege." Towse v. State, 647 P.2d 696, 702 (Haw. 1982). The privilege protects the official from liability for tortious acts unless the injured party demonstrates by "clear and convincing proof" that the official was motivated by "malice and not by an otherwise proper purpose." Id. For torts other than defamation, actual malice must be proven to overcome the privilege. Wereb v. Cnty. of Maui, 727 F.Supp.2d 898, 924 (D. Haw. 2010).

"Actual malice" for purposes of the conditional privilege is construed in its ordinary and usual sense to mean "the intent, without justification or excuse, to commit a wrongful act, reckless disregard of the law or of a person's legal rights, and ill will; wickedness of heart." Awakuni v. Awana, 165 P.3d 1027, 1042 (Haw. 2007).

Plaintiff is unable to prevail on his negligence causes of action. The element of actual malice required to overcome a conditional privilege is "incompatible with a claim based on

13

negligence." Dawkins v. City and Cnty. of Honolulu, 2011 WL 1598788, *15 (D. Haw. Apr. 27, 2011); Bartolome v. Kashimoto, Civ. No. 06-00176BMK, 2009 WL 1956278, at *2 (D. Haw. June 26, 2009).

With respect to the remaining tort claim of intentional infliction of emotional distress, Plaintiff has not pointed to any evidence that Defendant Sequeira was motivated by malice. Carroll v. Cnty. of Maui, Civ. No. 13-00066DKW-KSC, 2015 WL 1470732, *7 (D. Haw. Mar. 31, 2015). Defendant Sequeira stated in his Declaration that he never at any time had any malice or ill-will toward Plaintiff. (Sequeira Decl. at ¶ 7, ECF No. 14-3). Defendant Sequeira is entitled to conditional privilege as to Plaintiff Johnson's state law tort claims.

Defendant Sequeira's Motion for Summary Judgment as to Plaintiff's state law claims stated against him in Counts 2-4 of the Second Amended Complaint is **GRANTED**.

**III.     Plaintiff's Remaining State Law Claims**

Summary judgment is granted in favor of Defendant Francis Sequeira as to Plaintiff's only federal law cause of action, the Section 1983 claim. There are no remaining federal question causes of action in the Second Amended Complaint. There is no diversity jurisdiction in this case.

14

Where, as here, all federal claims are dismissed before trial, the exercise of jurisdiction over any remaining state claim is a matter of the Court's discretion. 28 U.S.C. § 1367(c)(3); Carlsbad Tech, Inc. v. HIF Bio, Inc., 556 U.S. 635, 640-41 (2009); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law causes of action. See Carlsbad Tech, Inc., 556 U.S. at 640-41; Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

The case is remanded to the Circuit Court of the First Circuit, State of Hawaii.

## CONCLUSION

Defendant Sequeira's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.

//

//

//

The case and all files herein are **REMANDED** to the Circuit Court of the First Circuit, State of Hawaii for further proceedings.

IT IS SO ORDERED.

DATED: June 9, 2017, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Jacob Johnson v. Department of Public Safety; State of Hawaii; Francis Sequeira, Individually; John Does 1-10; Jane Does 1-10; Doe Corporations 1-10; Doe Partnerships 1-10; Doe Unincorporated Organizations 1-10; Doe Governmental Agencies 1-10, Civ. No. 16-00348 HG-KSC; **ORDER GRANTING DEFENDANT FRANCIS SEQUEIRA'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13)**

16